IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY REVAK,

    Plaintiff,                              16cv1192
                                              ELECTRONICALLY FILED

       v.

FAYETTE COUNTY, ANGELA M.
ZIMMERLINK,

    Defendants.

## MEMORANDUM OPINION

Before the Court are two Motions to Dismiss – one filed by each named Defendant to this lawsuit. See doc. nos. 11 and 14. Defendant Fayette County filed a Motion seeking dismissal of all claims asserted against it (Counts I, II, and III), alleging Plaintiff failed to state a claim in accordance with Fed.R.Civ. P. 12(b)(6). Doc. no. 11. Defendant Zimmerlink also filed a Motion to Dismiss all claims asserted against her (Counts I, II, and IV), alleging Plaintiff failed to state a claim in accordance with Fed.R.Civ. P. 12(b)(6). Doc. no. 14.

Plaintiff filed Briefs in Opposition to each of the Defendants' Motions. See doc. nos. 17 and 18. Each Defendant filed a Reply to the Plaintiff's Briefs in Opposition. See doc. nos. 21 and 24. These matters are now ripe for adjudication.

## I. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. FACTUAL BACKGROUND

All statements set forth in the Complaint are deemed to be true solely for the purposes of deciding the two pending Motions to Dismiss.

Plaintiff has been the Chief Clerk and Right to Know Officer for Fayette County, Pennsylvania for the past four years. Before working for the County, Plaintiff worked as a journalist for the Uniontown Herald-Standard and was assigned to cover Fayette County Government, including the Commissioner meetings.

In 2010, Defendant Zimmerlink, a Fayette County Commissioner, made some claims about the two other County Commissioners to Plaintiff. Plaintiff investigated the claims made by Defendant Zimmerlink, but refused to print Defendant's claims in the newspaper. Plaintiff and Defendant Zimmerlink had a hostile relationship from that point forward.

In 2012, subsequent to Plaintiff's refusal to publish Defendant Zimmerlink's claims against the other two County Commissioners, Plaintiff was hired as Chief Clerk and Right to Know Officer for Defendant Fayette County. Two of the County Commissioners voted in favor of Plaintiff's appointment to the position, but Defendant Zimmerlink abstained from voting.

Plaintiff's Complaint next alleges that Defendant Zimmerlink failed to support Plaintiff's appointment to the Chief Clerk and Right to Know Officer position because of: (1) the above-described 2010 incident; and (2) Defendant Zimmerlink's perception that Plaintiff was politically affiliated with the two County Commissioners who supported her appointment to the Chief Clerk position.

The remaining factual allegations of the Complaint outline a timeline where Plaintiff endured verbal abuse and harassment from Defendant Zimmerlink. This timeline not only indicates dates when the verbal abuse and/or harassment occurred, but also notes the dates that Plaintiff filed a Workplace Harassment Complaint ("WHC") reporting each incident, and that Defendant Fayette County's Human Resource Department took no action after receiving each WHC.

Plaintiff also alleges that on January 6, 2015, she was unjustifiably suspended for three days without pay from her job as Chief Clerk and Right to Know Officer. On August 19, 2015, two Commissioners reversed Plaintiff's suspension and expunged her employment record, but Defendant Zimmerlink did not join in this decision. Shortly thereafter, the *Uniontown Herald-Standard* published an article detailing the reversal of Plaintiff's (and other county employees') suspensions and Plaintiff supplied the newspaper with a statement indicating that her suspension was "the contrived work of one single commissioner who has a personal vendetta against me."

The last portion of the Complaint alleges that Defendant Zimmerlink's verbal attacks on Plaintiff's professional reputation were motivated by Defendant's "personal animosity for Plaintiff and by Plaintiff's perceived political affiliation" with a former County Commissioner as well as in retaliation for Plaintiff's published statements in the *Uniontown Herald-Standard.* Plaintiff alleges Defendant Fayette County failed to properly train, control discipline and/or supervise Defendant Zimmerlink thereby creating a substantial risk that Plaintiff's constitutional rights would be violated.

Plaintiff's Complaint identifies four claims: (1) retaliation for political affiliation protected by the First Amendment, in violation of 42 U.S.C. § 1983 against both Defendants; (2) a procedural due process claim in violation of 42 U.S.C. § 1983 and the Fourteenth

Amendment against both Defendants; (3) a municipal liability claim in violation of 42 U.S.C. § 1983 and the Fourth Amendment against Defendant Fayette County; and (4) a libel claim against Defendant Zimmerlink.

## III. ANALYSIS

### A. Claims Against Defendant Zimmerlink

The Court will first address Plaintiff's claims advanced against Defendant Zimmerlink.

#### 1. Count I - Plaintiff's Retaliation Claim

Count I of Plaintiff's Complaint asserts a § 1983 claim for retaliation for political affiliation. In *Galli v. New Jersey Meadowlands Comm'n,* 490 F.3d 265 (3d Cir. 2007), the Court of Appeals for the Third Circuit derived a three-part test to establish a claim of discrimination based on political patronage in violation of the First Amendment. *Id.* at 271. The Court of Appeals held:

> To make out a *prima facie* case, Galli must show that: (1) she was employed at a public agency in a position that does not require political affiliation, (2) she was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision. *See, e.g., Stephens*, 122 F.3d at 176. Once she makes this demonstration, the Commission may "avoid a finding of liability by proving by a preponderance of the evidence that the same employment action would have been taken even in the absence of the protected activity." *Id.*; *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977).

*Id.* at 471.

In her Complaint, Plaintiff alleges that her First Amendment right to freedom of speech was violated when Defendant Zimmerlink subjected her to a hostile work environment and a pretextual negative performance review as a "direct result of her perceived affiliation" with a former County Commissioner with whom Defendant Zimmerlink was a "bitter rival." Plaintiff's

5

Complaint also alleges her First Amendment right to freedom of speech was violated when Defendant Zimmerlink subjected her to a hostile work environment and a pretextual negative performance review after Plaintiff gave a statement to the *Uniontown Herald-Standard* wherein Plaintiff implied that Defendant Zimmerlink had a "personal vendetta" against her. The Complaint also references a period of time prior to Plaintiff's appointment as Chief Clerk and Right to Know Officer of Fayette County, when Plaintiff wrote for the *Uniontown Herald-Standard,* and Plaintiff refused to write and/or publish a story presented to her by Defendant Zimmerlink.

Defendant Zimmerlink's Motion to Dismiss Count I (§ 1983 claim for retaliation for political affiliation), concedes that as pled, Plaintiff can establish the first element of the *Galli* test. The Court concurs that Plaintiff was employed at a public agency in a position that does not require political affiliation. Thus, the claim meets the first portion of the three-part test.

Next, Defendant Zimmerlink argues that Plaintiff fails to meet the second and third prongs of the *Galli* test. The Court does not agree entirely with Defendant Zimmerlink's position in this regard. The Court finds that the Complaint adequately establishes the following facts: during the time Plaintiff was employed as Chief Clerk and Right to Know Officer of Fayette County, she gave a statement to the *Uniontown Herald-Standard* after her suspension was reversed which suggested that it was Defendant Zimmerlink who had a "personal vendetta" against Plaintiff. These facts support the legal conclusion that Plaintiff engaged in constitutionally protected conduct (*i.e.,* talking to the press), and this conduct was a substantial or motivating factor in the Defendant Zimmerlink's decision to continue to subject Plaintiff to what Plaintiff perceived to be a hostile work environment. Therefore, both the second and third prongs of the *Galli* test have been met.

However, Defendant Zimmerlink's arguments are duly noted that throughout the Complaint, Plaintiff "speculates" that Defendant Zimmerlink's perceived Plaintiff as being politically affiliated with other Commissioners who were politically opposed to Defendant Zimmerlink. The Court recognizes that many of Plaintiff's facts appear to be speculative at this juncture, and will need to be borne out by evidence through discovery. However, this is the Motion to Dismiss stage of these proceedings, when this Court must accept as true all facts pled by Plaintiff. Therefore, the Court will deny Defendant Zimmerlink's Motion to Dismiss Count I of Plaintiff's Complaint.

### 2. Count II - Plaintiff's Procedural Due Process Claim

Count II of Plaintiff's Complaint asserts a § 1983 claim for violation of Plaintiff's Fourteenth Amendment procedural due process rights. In *Hill v. Borough of Kutztown,* 455 F.3d 255 (3d Cir. 2006), the Court of Appeals for the Third Circuit held:

> To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that[:] (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

*Id.* at 233-34.

Here, Plaintiff's Complaint alleges a classic property-based procedural due process claim, arguing that Defendant Zimmerlink made statements falsely suggesting that Plaintiff's work performance was poor which led, unjustifiably, to Plaintiff's three-day suspension, thereby depriving her of her right to employment without due process. Plaintiff also raises a liberty-based claim, known as a "stigma-plus" claim, arguing that when Defendant Zimmerlink defamed her in the course of repeatedly making statements falsely suggesting that Plaintiff's work

7

performance was poor, she was deprived of her liberty interest in her reputation "without opportunity for any meaningful procedure."

Defendant Zimmerlink's Motion to Dismiss does not comment on the property interest portion of Plaintiff's Complaint. The Court finds that the classic property-based procedural due process claim, wherein Plaintiff claims she suffered a deprivation of her right to retain her job during the three days she was suspended would be valid, but for the facts (as pled by Plaintiff) that this suspension was reversed and her pay for the three days was reinstated – which indicates that Plaintiff did receive minimal due process regarding her property interest, which was restored. Accordingly, the Court does not find that Plaintiff's property interest claim can proceed, and to the extent that Plaintiff tried to assert same in her Complaint, that portion of this claim shall be dismissed.

Turning to the liberty-interest, or "stigma plus" claim, the Court notes that Plaintiff's Complaint alleges that Plaintiff suffered harm to her reputation based on Defendant Zimmerlink's numerous, disparaging comments about Plaintiff's work performance. Although the United States Supreme Court in *Wisconsin v. Constantineau*, 400 U.S. 433 (1971), recognized that an individual has a protectable interest in one's own reputation and honor, numerous courts have subsequently clarified that "reputation alone is not an interest protected by the Due Process Clause." *Hill*, 455 F.3d at 236, *quoting Versarge v. Township of Clinton, New Jersey*, 984 F.2d 1359, 1371 (3d Cir. 1993). To make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest. *Id.*

By way of example, when an employer disseminates a false and defamatory impression about the employee in connection with her termination, the creation and dissemination of a false and defamatory impression is the "stigma," and her termination is the "plus."

Here, there are no allegations in Plaintiff's Complaint other than the three-day suspension (which was rescinded), which suggest that Plaintiff has sustained any deprivation of a property interest. Without any other allegations to support a "plus" – meaning a deprivation of a property interest – Plaintiff's liberty interest claim cannot remain. Accordingly, Defendant Zimmerlink's Motion to Dismiss Count II of the Complaint which asserts a claim under § 1983 for deprivation of Plaintiff's Fourteenth Amendment procedural due process rights will be granted.

### 3. Count IV - Plaintiff's Libel Claim

Count IV of Plaintiff's Complaint asserts a common law claim for libel against Defendant Zimmerlink. In Pennsylvania,[1] in an action for defamation, the plaintiff must prove: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S.A. § 8343.

In an action for defamation, it is the Court's duty to make the threshold determination whether the challenged statements are capable of a defamatory meaning. *Thomas Merton Center v. Rockwell International Corp.*, 442 A.2d 213 (Pa. 1981), cert. den., 457 U.S. 1134 (1982); *Byars v. School Dist. of Phila.*, 942 F.Supp.2d 552 (Pa. E.D. 2013) ("Whether a statement is capable of a defamatory meaning is a question of law for the court."). If the communication

---

[1] The parties agree, as does this Court, that Pennsylvania substantive law applies to the claims advanced in this lawsuit.

9

could be understood as defamatory, then it is for the jury to determine whether it was so understood by the recipient. *Agriss Roadway Exp., Inc.*, 483 A.2d 456 (Pa. Super. 1984).

The Pennsylvania Superior Court explained in *Dougherty v. Boyerton Times*, 547 A.2d 778 (Pa. Super. 1988):

> The nature of the audience is a critical factor in determining whether a statement is capable of defamatory meaning. . . . Injury to reputation is judged by the reaction of other persons in the community and not by the party's self-estimation. *Rybas v. Wapner*, 311 Pa.Super. 50, 457 A.2d 108 (1983). Specifically, a communication is defamatory if it "ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his lawful business, trade or profession." *Baker v. Lafayette College*, 350 Pa.Super. 68, 76, 504 A.2d 247, 251 (1986) *quoting Thomas Merton Center, supra*, 422 A.2d at 216.

*Id.* at 783.

Simply put, Pennsylvania case law directs that only statements of fact can afford a basis for a defamation action. Expressions of opinion cannot. Statements of fact and opinion intermingled can give rise to a claim based on the factual portions of the statement. See *Dougherty,* 547 A.2d at 782–83 (1988) and Restatement (Second) of Torts, § 556.

Whether a particular statement constitutes a fact or an opinion is a question of law for the trial court to determine. *Veno v. Meredith*, 515 A.2d 571, 575 (Pa. Super. 1986) *citing Braig v. Field Communications*, 456 A.2d 1366, 1372 (Pa. Super. 1983), *cert. den.,* 466 U.S. 970 (1984).

Thus, the trial court must determine whether the challenged statement is an opinion or a fact. If the challenged statement is an opinion, it is actionable only if it "may reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion." *Veno,* 515 A.2d at 575, *quoting Beckman,* 419 A.2d at 587, *citing* Restatement (Second) of Torts, § 566.

Turning to the instant matter, Plaintiff claims that the comments posted by Defendant Zimmerlink on August 12, 2015, September 10, 2015, September 20, 2015, and October 1, 2015 to the *Uniontown Herald-Standard* website were defamatory. Plaintiff's Complaint paraphrases the statements made by Defendant Zimmerlink on the newspaper's website and claims these irreparably harmed Plaintiff's reputation in the community.

Defendant Zimmerlink attached copies of those comments which were published in the *Uniontown Herald-Standard* to her Motion to Dismiss. Although generally this Court will not and may not look beyond the Complaint in deciding a motion to dismiss under Rule 12(b)(6), "they may consider an undisputedly authentic document that a defendant attaches to a motion to dismiss, if the plaintiff's claims are based on that document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

The Court finds in its review of comments (attached by Defendant Zimmerlink), that they contain some statements which describe actions or inactions taken by the County Commissioners. However, these comments also suggest that Plaintiff failed to properly perform her job, and in so failing, hampered Defendant Zimmerlink's ability to perform her job. These statements at first blush appear to be statements containing mixed opinions and fact. However, the substance of the comments made by Defendant Zimmerlink tends to lean more toward factual allegations than opinioned commentary.

Moreover, the Court has considered the timing of these statements. The first statement occurred months after the dates that Plaintiff received her unpaid three-day suspension, but days before that suspension was rescinded. Because of this timing, the Court is reluctant to dismiss any of Plaintiff's defamation claims at this juncture and thus, Defendant Zimmerlink's Motion to

Dismiss Plaintiff's libel claim will be denied. Depending on the evidence adduced during discovery, Plaintiff and/or Defendant may want to re-argue this issue at the summary judgment phase of these proceedings.

### B. Claims Against Defendant Fayette County

Counts I, II and III are asserted against Defendant Fayette County. All three of the claims brought against the Defendant County will be dismissed for the reasons that follow.

#### 1. Count I - Plaintiff's Retaliation Claim

The threshold question this Court must answer is: When does municipal liability attach in a § 1983 claim where Plaintiff asserts retaliation for political affiliation? A municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue of *respondeat superior*. Rather, a municipality may be held liable for the conduct of an individual employee only when that conduct implements an official policy or practice. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, (1978); *see also McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005).

Plaintiff's Complaint does not suggest that Defendant Fayette County is liable because it employed Defendant Zimmerlink. Rather, the Complaint suggests that Defendant Zimmerlink's conduct toward Plaintiff was unlawful and that her actions toward Plaintiff constituted the custom and/or policy of Defendant County.

Defendant Fayette County argues in its Motion to Dismiss that Plaintiff's Complaint fails to plead a direct violation of her constitutional rights by the County, and thus, the County can only be liable it had a policy or custom which was a moving force behind the alleged First Amendment violation. Defendant further notes that there are no factual allegations in Plaintiff's Complaint which support such a conclusion.

In her brief in Opposition, Plaintiff counters that Defendant Zimmerlink was a policy-maker with final decision-making authority, and because Defendant Zimmerlink acted at all relevant times under cover of her position as a County Commissioner, Defendant Fayette County can be held liable for her alleged unlawful conduct.

This Court disagrees with Plaintiff for the simple reason that one County Commissioner cannot make policy. Plaintiff's own Complaint is replete with examples of how it would take two out of the three County Commissioners to take any action relevant to this claim. As noted by Defendant Fayette County in its Reply Brief:

> "Whether a particular official has 'final policy making authority' is a question of state law." *McMillian v. Monroe County*. 520 U.S. 781, 786 (1997), *quoting Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 737 (1989). "In order to ascertain if an official has final policy-making authority and can thus bind the municipality by his conduct, a court must determine (1) whether, as a matter of state law, the official is responsible for making policy in the particular area of municipal business in question, and (2) whether the official's authority to make policy in that area is final and unreviewable." *Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d. Cir. 2006). . . .

Doc. no. 21, p. 2-3.

Given the facts pled by Plaintiff in her Complaint, this Court concurs with Defendant Fayette County that there are no factual allegations which could support the legal conclusion that Defendant Zimmerlink – acting alone – had the authority to make policies. Even if Defendant Zimmerlink did have such solo authority (which again, was not pled), there were no allegations to suggest that a policy created by her was in fact final and unreviewable. Therefore, the Court will grant Defendant Fayette County's Motion to Dismiss Count I of the Complaint.

### 2. Count II - Plaintiff's Procedural Due Process Claim

As noted in subsection A.2. of this Opinion, above, Count II of Plaintiff's Complaint asserts a § 1983 claim for violation of Plaintiff's Fourteenth Amendment procedural due process rights. Defendant's Motion to Dismiss, Plaintiff's Brief in Opposition, and Defendant's Reply Brief make the same arguments as those set forth immediately above in Subsection B.1. For the same reasons set forth in subsection B.1. of this Opinion, the Court will dismiss Count II asserted against Defendant Fayette County.

Moreover, the Court also notes that it has dismissed Count II of Plaintiff's Complaint against Defendant Zimmerlink. Because this Court dismissed the claim against Defendant Zimmerlink alleging deprivation of a property right without due process, it will dismiss those claims against Defendant Fayette County as well. "There cannot be an 'award of damages against a municipal corporation based on the actions of one of its officers when in fact ... the officer inflicted no constitutional harm.'" *Grazier ex rel. White v. City of Philadelphia,* 328 F.3d 120, 124 (3d Cir. 2003) (*quoting City of Los Angeles v. Heller*, 475 U.S. 796, 799, (1986)).

### 3. Count III – Plaintiff's Municipal Liability Claim

Plaintiff's Complaint at paragraphs 99 through 108 fails to set forth any policy, practice or custom enacted by Defendant Fayette County which violated Plaintiff's constitutional rights. As set forth above, Defendant Zimmerlink – even when acting under color of state law, was not able to effectuate policy or custom on her own. She was one of three commissioners, and acting in her solo capacity had no ability to effectuate any sort of policy or custom by which the County would be bound. Therefore, based on the foregoing law set forth throughout subsection "B." of this Opinion, the Court will grant Defendant Fayette County's Motion to Dismiss Count III.

## IV. CONCLUSION

For all of the reasons set forth herein, the Court will GRANT Defendant Fayette County's Motion to Dismiss in its entirety (doc. no. 11). The Court will GRANT IN PART and DENY IN PART Defendant Zimmerlink's Motion to Dismiss (doc. no. 14). Counts I and IV as alleged against Defendant Zimmerlink will proceed, while all other claims asserted against Defendant Zimmerlink will be dismissed. An appropriate Order will follow.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   All Registered ECF Counsel and Parties